IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

EMMANUEL REMIGIO and
ESTELITA REMIGIO,

      Plaintiffs,

  vs.

BANK OF AMERICA, N.A., et al.,

      Defendants.

CIVIL NO. 14-00038 DKW-KSC

**ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION AND DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

## ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION AND DISMISSING THE COMPLAINT FOR LACK OF <u>SUBJECT MATTER JURISDICTION</u>

As in several other recent cases filed by the Remigios' counsel in this Court, the Remigios lack standing to bring this suit and have not satisfied the amount in controversy requirement. *See Deshaw v. Mortgage Electronic Registration Sys., Inc.*, 2014 WL 3420771 (D. Haw. July 10, 2014); *Dimitrion v. Morgan Stanley Credit Corp.*, 2014 WL 2439631 (D. Haw. May 29, 2014); *Toledo v. Bank of New York Mellon, et al.*, CV 13-00539 DKW-KSC, Dkt. No. 45 (D. Haw. May 2, 2014); *Broyles v. Bank of America, et al.*, 2014 WL 1745097 (D. Haw. April 30, 2014); *Moore v. Deutsche Bank Nat'l Trust Comp., et al.*, 2014 WL 1745076 (D. Haw. April 30, 2014); *Wegesend v. Envision Lending Group, et al.*, 2014 WL 1745340 (D. Haw. April 30, 2014); *Dicion v. Mann Mortgage, LLC*, 2014 WL

1366151 (D. Haw. April 4, 2014); *Pascua v. Option One Mortgage Corp.*, 2014 WL 806226 (D. Haw. Feb. 28, 2014). Consequently, this Court lacks subject matter jurisdiction, mandating dismissal of the complaint.

## BACKGROUND

The Remigios have a mortgage on their primary residence. Although they have made some payments on it, they now assert an uncertainty regarding whom to pay. They assert that they "do not know who holds the promissory note," that they "have a duty to make their payments to the correct party," and "[that] they have a right to know who owns their mortgage and to be able to negotiate with the right party for a loan modification." Complaint ¶ 1. They assert a single cause of action for "declaratory judgment," seeking to "obtain a declaratory judgment identifying which entities have an interest in their home and the loan secured by their home" and "[r]emoving all clouds on the title of the Subject Property . . . ." Complaint ¶¶ 1, 13–16.

Defendant Bank of America, the mortgagee and servicer, moves to dismiss, or in the alternative, for judgment on the pleadings.

## STANDARD OF REVIEW

Although Bank of America's motion is filed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), the Court "must determine that [it] ha[s] jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Thus, the

Court is "obligated to consider sua sponte whether [it] ha[s] subject matter jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). In order to establish standing, three requirements must be met:

> First and foremost, there must be alleged (and ultimately proved) an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Id.* at 102–04 (internal citations and quotation marks omitted). *See Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996) ("A plaintiff has the burden of establishing the elements required for standing.").

Even where a plaintiff has standing, subject matter jurisdiction must also be established. Jurisdiction founded on diversity (the basis for jurisdiction alleged by the Remigios here) "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins.*

*Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see* 28 U.S.C. § 1332. Where, as here, declaratory or injunctive relief is sought, it is "'well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The object of the litigation is "the value of the right to be protected or the extent of the injury to be prevented." *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976); *see also Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (stating that the "required amount [in controversy is] the value of the particular and limited thing sought to be accomplished by the action").

"[T]he party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

## **DISCUSSION**

The Remigios lack standing and have failed to satisfy the amount in controversy requirement necessary to establish diversity jurisdiction. Accordingly, the Court dismisses the complaint for lack of subject matter jurisdiction.

First, the Remigios have not alleged an injury-in-fact to sufficiently establish standing. Although the Remigios assert their general concern that they *could* "face double liability" without the Court's assistance in ascertaining to whom they should pay, Complaint ¶ 1, the Remigios do not allege that Defendant (or any other

entity) has *actually* initiated foreclosure proceedings or that more than one party has *actually* demanded payment on the same loan—allegations necessary to show actual injury. Consequently, as Judge Seabright concluded in *Dicion*:

> Absent such factual allegations, the potential for multiple liability or foreclosure is no more than mere speculation and falls far short of constituting an Article III injury-in-fact. Thus, Plaintiff's injury is no more than his own uncertainty regarding which Defendant is entitled to his mortgage payments. Such a subjective uncertainty is neither sufficiently concrete nor particularized to constitute an injury-in-fact.

2014 WL 1366151, at *4 (internal citations omitted); *see also Pascua*, 2014 WL 806226, at *4 ("At most, the injury-in-fact that Pascua suffers is the 'uncertainty' he says he has regarding what entity he is supposed to pay. It is not clear that this subjective feeling of uncertainty is sufficiently concrete and particularized to constitute an injury-in-fact. It is also not clear that Pascua's purported injury, such as it is, is caused by Defendants' conduct rather than by Pascua's own apparent inability to discern the nature of his obligations." (internal citation omitted)). Indeed, there is nothing to even suggest that the Remigios would be subject to double liability, as they apparently fear. Having alleged no injury-in-fact, and the Court declining to allow the Remigios to manufacture one, the Remigios lack standing, depriving the Court of subject matter jurisdiction. *Steel Co.*, 523 U.S. at 102.[1]

---

[1] The Court also adopts the same reasoning and conclusion reached by Judge Seabright in *Dicion* for the second and third requirements of standing:

Second, the Court also lacks subject matter jurisdiction because the amount in controversy requirement necessary to establish diversity jurisdiction has not been satisfied. The Remigios allege that "the amount in controversy is $1,157,425.00, which is the fair market value of the Subject Property." Complaint ¶ 2. However, as Judge Mollway discussed in *Pascua*:

> Here, the matter Pascua says he wants to accomplish does not implicate the entire debt or the value of the property. Although he styles his claim as one to "quiet title," Pascua does not allege that he holds title to the property free and clear of any debt obligation. Nor does Pascua seek to enjoin a foreclosure. In either such situation, the full debt or the property itself would be the object of the litigation, because the claimant would be trying to prevent paying the debt or losing the property. Pascua, by contrast, asks for a declaration to prevent him from feeling uncertainty as to whom to pay. He is not actually being asked to pay his acknowledged debt more than once. The amount in controversy is therefore the subjective value to Pascua of freeing him from that risk. Courts are often disinclined to speculate as to the monetary value of something so vague and amorphous as a feeling of uncertainty.

> In any event, it is implausible to suggest that the subjective value to Pascua of such a declaration is greater than $75,000. Pascua's primary fear appears to be that he will accidentally pay the wrong party $41,139.92, which is the amount Wells Fargo is currently requesting he pay to avert foreclosure. The harm to Pascua of his fear that he might lose a second payment of $41,139.92 cannot plausibly be worth in excess of $75,000.

---

Furthermore, in the absence of a demand for payment from multiple Defendants, Plaintiff's uncertainty is not fairly traceable to any challenged action of the Defendants. Nor is Plaintiff's uncertainty likely to be redressed by a favorable decision.

2014 WL 1366151, at *5 (alterations, quotation marks, and citation omitted).

2014 WL 806226, at *5 (internal citations omitted).

Similarly here, the Remigios ask for a declaration to clarify their alleged confusion as to whom to pay. Therefore, the object of the litigation is not the value of the property, but is instead the value in relieving the Remigios' uncertainty. *Dicion*, 2014 WL 1366151, at *6. However, the Remigios have not even attempted to prove what the value of that uncertainty is and the Court will not speculate. Even if it could be quantified, the account statements attached to the complaint suggest that the amount the Remigios actually owe (and thus could theoretically double-pay, based on their alleged uncertainty) is less than $75,000, and less than what was even at issue in *Pascua*. *See* Complaint Ex. C (December 23, 2013 Notice from Bank of America, listing the total amount due as $11,304.83). In short, "because the true purpose of this action is neither to quiet title in favor of Plaintiff and against all Defendants, nor to stop an imminent foreclosure sale, simply requesting such relief cannot transform the object of litigation to the subject property." *Dicion*, 2014 WL 1366151, at *6 n.6.

Finally, the Court notes that the Remigios seek a declaration to remove all clouds on the title of their home. However, even if the Court had subject matter jurisdiction, "Plaintiffs' contention that they do not know to whom their debt is owed is not a basis to 'quiet title.'" *Klohs v. Wells Fargo Bank, N.A.*, 901 F.Supp.2d 1253, 1261 n.4 (D. Haw. 2012).

7

## CONCLUSION

The Court hereby dismisses the Remigios' complaint for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: September 15, 2014 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

Remigio v. Bank of America, N.A., et al.; CV 14-00038 DKW/KSC; ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION AND DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION